Taft, J.,
concurring in part in the judgment and dissenting in part. In Kroger Grocery & Baking Co. v. Glander, Tax Commr., 149 Ohio St., 120, 77 N. E. (2d), 921, it is said by Hart, J., at page 129:
“It was the evident intention of the General Assembly, in excepting sales of types of property used and consumed in the process of creating other tangible personal property for ultimate sale, to encourage the manufacture and production of more valuable personal property upon the sale of which a greater amount of tax could be collected from the consumer because of the enhanced value of the ultimate product. The purpose of excepting intermediate sales of integral items mailing up the final product is to avoid double taxation and to prevent the increase of ultimate sales price to the consumer, for, after all, the consumer pays the whole tax reflected in the price which he pays for the finished product. ’ ’
In Athens Home Telephone Co. v. Peck, Tax Commr., 158 Ohio St., 557, 110 N. E. (2d), 571, it is said by Weygandt, C. J., at pages 560 and 561:
“The instant cases do not involve the production of property. Instead it is the rendition of service.
*68 “ * * * This court is of the opinion that the contrast is significant and may not be disregarded. It seems unnecessary to labor the point that ‘production of property’ and ‘rendition of service’ are not synonymous terms.
“But it is urged that in 1935 the word ‘directly’ was inserted in both provisions by amendment and must be considered. This, of course, is true. However, it does not follow that the common use of this one word renders the remainder of the two terms synonymous. * * * J ?
Again in Erie Rd. Co. v. Peck, Tax Commr., 160 Ohio St., 322, 116 N. E. (2d), 304, it is said by Weygandt, C. J., at page 325:
“In the opinion in that case, comment was made on the difference in the significance of the statutory language relating to material used or consumed ‘directly in the production of tangible personal property for sale’ and that used or consumed ‘directly in the rendition of a public utility service.’ There is nothing in the context to indicate that the General Assembly intended to use the two expressions synonymously; and in their ordinary acceptation the broader words ‘rendition of * * # service’ mean something different from ‘production of * * * property.’ This was observed in the opinion in the Athens case.”
I am in general agreement with the conclusions stated in Judge Bell’s opinion, except with respect to the crude oil service tanks, oil additive tanks and product oil tanks. As he points out, most of the items involved in the instant case are clearly included within the broad statutory terms “use * * * directly in making retail sales.” However, the problem with respect to the foregoing-mentioned tanks involves the narrower terms “used directly in the production * * * by manufacturing, processing, refining.” In my opinion, *69 the record will support a reasonable conclusion that their use was principally in storage rather than in production.